UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

OSMONDO D. SMITH,

                        Plaintiff,

        -v-

KAREN COLLINS, *Warden of Vernon C. Bain Center*, et al.,

                        Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2015

15 Civ. 216 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Osmondo Smith, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island. On January 12, 2015, he filed this Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights; he seeks damages. Smith alleges that, when he was incarcerated at the Vernon C. Bain Center ("VCBC"), he was given permission by prison medical staff to have two mattresses and a cane due to preexisting medical conditions, including bullets in his lumbar spine and in his hip. Dkt. 2. Nevertheless, he alleges, he was disciplined for having an additional mattress, which was removed. *Id.* Smith brings claims arising from this conduct against Karen Collins, Warden of the VCBC; the City of New York; the New York City Department of Correction; Deputy Warden Hayes; Security Captain Gibbs; Officer Mikell, No. 14813; and Officer Patterson, No. 1080. Smith's Complaint has not yet been served on the defendants.

For the following reasons, the Court (1) *sua sponte* dismisses the claims against the New York City Department of Correction; (2) directs the Clerk of Court to serve this order on the New York City Department of Correction and the New York City Law Department; (3) respectfully requests that the remaining defendants (*i.e.*, the City of New York, Warden

Collins, Deputy Warden Hayes, Security Captain Gibbs, Officer Mikell, and Officer Patterson) waive service of summons; and (4) denies Smith's request for counsel, without prejudice to his renewing that request at a later date.

**I.    Discussion**

**A.    Standard of Review**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citations omitted).

**B.    New York City Department of Correction**

Smith's claims against the New York City Department of Correction must be dismissed because an agency of the City of New York cannot be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999).

### C. Waiver of Service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order.

The Court respectfully requests that the remaining defendants—the City of New York, Warden Collins, Deputy Warden Hayes, Security Captain Gibbs, Officer Mikell, and Officer Patterson—waive service of summons.

### D. Request for Counsel

Smith also seeks appointment of *pro bono* counsel. Dkt. 3. The factors to be considered in ruling on such an application include the merits of the case, plaintiff's ability to pay for private counsel, plaintiff's efforts to obtain a lawyer, the availability of counsel, and plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Of these, the merits of the case are "[t]he factor which command[s] the most attention." *Id.* Because it is too early in the proceedings for the Court to assess the merits of the action, Smith's application for *pro bono* counsel is denied at this time, without prejudice to renewal at a later date.

## CONCLUSION

For the foregoing reasons, the Court dismisses Smith's claims against the New York City Department of Correction; directs the Clerk of Court to serve this order on the New York City Department of Correction and the New York City Law Department; respectfully requests that the remaining defendants (*i.e.*, the City of New York, Warden Collins, Deputy Warden Hayes, Security Captain Gibbs, Officer Mikell, and Officer Patterson) waive service of summons; and denies Smith's request for counsel, without prejudice to his renewing that request at a later date.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 25, 2015
       New York, New York