UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

OSMONDO D. SMITH,

                                   Plaintiff,

-v-

KAREN COLLINS, *Warden of VCBC* et al.,

                                 Defendants.

------------------------------------------------------------------------X

15 Civ. 216 (PAE) (JCF)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/2016

PAUL A. ENGELMAYER, District Judge:

    *Pro se* plaintiff Osmondo D. Smith brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when jail officials deprived him of an extra mattress that he medically required. Defendants moved to dismiss. Before the Court is the October 1, 2015 Report and Recommendation of the Hon. James C. Francis, United States Magistrate Judge, recommending that the Court grant the motion to dismiss with leave to amend as to Smith's municipal liability claim against the City of New York ("City") and deny the motion to dismiss as to the claims against individual defendants. Dkt. 27 ("Report"). For the following reasons, the Court adopts the Report in full.

## I.    Background[1]

    When Smith was first detained in 2012, he was provided two mattresses because of his medical condition, namely, the presence of bullets in his body in life-threatening places. Smith

---

[1] The Court's summary of the facts is drawn from the account of the facts provided in the Report, to which no party objects, and from Smith's Complaint and opposition papers (which are appropriate to consider on a motion to dismiss, as the Report recognizes, because of Smith's *pro se* status). This summary reflects a liberal construction of Smith's submissions, in light of his *pro se* status. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). No further citation to these materials will be made except where expressly quoted.

received several medical referrals recommending that he be allowed two mattresses. On October 23, 2014, the individual defendants were present during a search of Smith's cell, in the course of which it was discovered that he had two mattresses. All were aware, or became aware during this incident, that Smith needed these mattresses for his medical condition. Nevertheless, the extra mattress was confiscated and has not since been returned. As a result, Smith has suffered pain, muscle spasms, and nerve damage.

On January 12, 2015, Smith filed a Complaint. Dkt. 2. On March 25, 2015, the Court, *inter alia*, dismissed claims against the New York City Department of Correction and denied Smith's request for counsel. Dkt. 10. On April 28, 2015, the case was referred to Judge Francis for pretrial supervision and for a report and recommendation. Dkt. 13. On July 27, 2015, defendants moved to dismiss, Dkt. 21, and filed a supporting brief, Dkt. 22. On August 24, 2015, Smith filed an opposition. Dkt. 24. On September 4, 2015, defendants filed a reply. Dkt. 25.

On October 1, 2015, Judge Francis issued the Report, recommending that the Court grant the motion to dismiss with leave to amend as to the municipal liability claim against the City and deny the motion as to the claims against the individual defendants. Report at 21. The deadline for the parties to file objections to the Report was October 15, 2015. *See id.* To this date, no objections have been filed.

## II.     Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the

record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y.

Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4

(S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169

(S.D.N.Y. 2003).

As neither party has submitted objections to the Report, review for clear error is

appropriate. Because the Report explicitly states that "[f]ailure to file timely objections will

preclude appellate review," Report at 21–22, both parties' failure to object operates as a waiver

of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing

*Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

Careful review of Judge Francis's thorough and well-reasoned Report reveals no facial

error in its conclusions; the Report is therefore adopted in its entirety.

Because the Court dismisses Smith's claim against the City with leave to amend, the

Court elaborates on the Report's discussion of the legal standards relevant to this claim,

particularly as to the failure-to-train theory that Smith appears to pursue in his opposition to the

motion to dismiss.

"[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a

plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2)

causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New

York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.

1983)) (internal quotation marks omitted).

There are four ways to establish the existence of an official policy or custom, the first

element of a *Monell* claim. A plaintiff may plead that the constitutional violation was caused by:

"(1) a formal policy officially endorsed by the municipality; (2) actions taken by government

officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted); *see also Spears v. City of New York*, No. 10 Civ. 3461 (JG), 2012 WL 4793541, at *11 (E.D.N.Y. Oct. 9, 2012).

Under the failure-to-train theory of municipal liability, "a city's failure to train its subordinates satisfies the policy or custom requirement only where the need to act is so obvious, and the inadequacy of current practices so likely to result in a deprivation of federal rights, that the municipality or official can be found deliberately indifferent to the need." *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). To show deliberate indifference, "[p]laintiffs are required to submit evidence that defendants knew to a moral certainty that the City would confront a given situation; the situation presented the City with a difficult choice or there was a history of its mishandling the situation; and the wrong choice by the City would frequently cause the deprivation of plaintiffs' rights." *Id.* (citing Wal*ker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992)).

In addition, "a plaintiff must plausibly allege a specific deficiency in the municipality's training." *Tieman*, 2015 WL 1379652, at *22. Before *Iqbal* and *Twombly*, the Second Circuit had stated that plaintiffs claiming a failure to train "need only plead that the city's failure to train caused the constitutional violation," because "[i]t is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the

pleading stage." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 130 n.10 (2d Cir. 2004). Following *Iqbal* and *Twombly*, however, the Second Circuit has indicated that *some* non-conclusory allegation as to deficient training programs is necessary at the pleading stage. *See Simms v. City of New York*, 480 F. App'x. 627, 631 n.4 (2d. Cir. 2012) (summary order) ("While it may be true that § 1983 plaintiffs cannot be expected to know the details of a municipality's training programs prior to discovery . . . this does not relieve them of their obligation under *Iqbal* to plead a facially plausible claim.");[2] *Simms v. City of New York*, No. 10 Civ. 3420 (NGG) (RML), 2011 WL 4543051, at *2 n.3 (E.D.N.Y. Sept. 28, 2011) ("Since [*Iqbal* and *Twombly*], courts in this district have generally required that plaintiffs provide more than a simple recitation of their theory of liability, even if that theory is based on a failure to train.") (collecting cases).

Although it appears unlikely that Smith will be able to satisfy these pleading standards, the Report correctly notes that a *pro se* plaintiff should generally be granted leave to amend at least once. Report at 20–21; *see also Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). The Court cannot deny there is some possibility, however remote, that Smith may be able to adequately plead a valid claim against the City.

## CONCLUSION

For the reasons articulated in the Report, the Court dismisses Smith's claim against the City of New York, with leave to amend. The Court denies the motion to dismiss Smith's claims against the individual defendants.

---

[2] For instance, the Second Circuit suggested, a plaintiff lacking extensive knowledge of a city's training programs might "alleg[e] facts indicating '[a] pattern of similar constitutional violations by untrained [municipal] employees.'" *Simms*, 480 F. App'x. at 631 n.4 (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011)).

The case remains referred to Judge Francis for pretrial supervision, including, as relevant now, for the purpose of setting a deadline for any amended pleading and/or setting a discovery schedule.

The Clerk of Court is directed to terminate the motions pending at docket numbers 21 and 16.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 26, 2016
       New York, New York

6